UNITED STATES DISTRICT COURT **CV 1 3**    00180
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DIANE DAWSON,

                    Plaintiff,

      -against-

THE CITY OF NEW YORK, SERGEANT **KORMAN, J.**
MIKOLAJ LANKAMER [SHIELD # 11285],
and JOHN DOE AND JANE DOE #1-3
(the names John and Jane Doe being fictitious,
as the true names are presently unknown),
                    Defendants.   AZRACK, M.J.
-------------------------------------------------------------X

Case No.

**COMPLAINT**

JURY DEMANDED

Plaintiff, DIANE DAWSON, by her attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Sergeant Mikolaj Lankamer [Shield # 11285], and John Doe and Jane Doe #1-3 (collectively, "defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

3.     As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

4.    Plaintiff is and was at all times material herein a resident of the United States
and the State of New York.

5.    At all relevant times, defendants Sergeant Mikolaj Lankamer [Shield #
11285], and John Doe and Jane Doe #1-3 (hereinafter "defendant officers")
were, upon information and belief, and still are, agents and/or officers
employed by defendant City of New York.

6.    At all times herein, the defendant officers were acting under the color of their
official capacity, and their acts were/are performed under color of the
statutes and ordinances of the City of New York and/or the State of New
York. Defendant officers were/are the servants, agents, and employees of
their co-defendant, the City of New York, such that their acts are imputed to
the City of New York.

7.    At all relevant times, the defendant City of New York was and is a municipal
corporation duly organized and existing under the laws of the State of New
York, and was/is the employer of the defendant officers, and the actions of
the defendant officers complained of herein were done as part of the custom,
practice, usage, regulation and/or at the direction of the defendant City of
New York.

8.    Plaintiff is suing the defendant officers in their individual and official
capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.    On or about October 13, 2011, at approximately 4:00 p.m., defendant
officers, acting in concert, arrested plaintiff without cause at the Broadway
Junction-East New York subway station which is located at or close to the
intersection of Broadway, Fulton Street and Van Sinderen Avenue Brooklyn,
New York, and charged plaintiff with PL 205.30 'Resisting arrest', among
other charges.

10.   Plaintiff, however, did not commit any offense against the laws of New York
City and/or State for which any arrest may be lawfully made.

2

11.      Prior to the arrest, plaintiff had visited her aunt and was on her way home to prepare and go to her school for her night classes.

12.      As plaintiff was waiting at the Broadway Junction-East New York subway station to transfer to another train, and was checking her cell phone to see if she had telephone services at the said station, defendant officers ran up to the plaintiff and grabbed the plaintiff by her arms kicking plaintiff's legs at the same time.

13.      As a result of the actions of defendant officers, a box of pizza that the plaintiff was carrying in her arms at the time fell down to the floor.

14.      When plaintiff inquired as to what was going on, defendant officers threatened that they would punch the plaintiff in her face.

15.      After grabbing plaintiff, defendant officers tightly handcuffed the plaintiff with her hands placed behind her back.

16.      Because the handcuffs were cutting deep into plaintiff's skin, plaintiff requested defendant officers to loosen the tightly placed handcuffs.

17.      That defendant officers declined plaintiff's entreaties and refused to loosen the handcuffs.

18.      Eventually, defendant officers took the plaintiff to the NYPD-Transit District 33 for arrest processing.

19.      Following plaintiff's arrest, plaintiff was subjected to an illegal search by the police officers, with the police officers pushing, shoving and kicking the plaintiff.

20.      Subsequently, after detaining the plaintiff for a lengthy period of time at the NYPD-Transit District 33, plaintiff was transported to the Central Booking to await arraignment.

21.      While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

22.      During this meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiff committed the charged crime/offense(s).

23.      Based on the false testimony of the defendant officers, a prosecution was commenced against plaintiff.

3

24.     On or about October 14, 2011, following plaintiff's arraignment, the false
        charges levied against plaintiff were summarily dismissed.

25.     That the plaintiff was unable to attend her classes and was caused to miss
        several days from school as a result of the actions of defendant officers.

26.     As a result of the aforesaid actions by the defendants, plaintiff suffered and
        continues to suffer emotional distress, fear, embarrassment, humiliation,
        shock, discomfort, loss of liberty, loss of rights to familial association, wages
        and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

27.     By this reference, plaintiff incorporates each and every allegation and
        averment set forth in paragraphs 1 through 26 of this complaint as though
        fully set forth herein.

28.     The conduct of the defendants, as described herein, amounted to false arrest,
        illegal and unreasonable stop, frisk, search and seizure, conspiracy, pattern of
        harassment, excessive use of force, abuse of power, failure to intervene,
        malicious abuse of process, violation of freedom of speech, first amendment
        retaliation, denial of equal protection, discrimination, cruel & unusual
        punishment, fabrication of evidence, denial of right to a fair trial, violation of
        due process rights and malicious prosecution.

29.     Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the First,
        Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United
        States Constitution.

30.     Consequently, plaintiff has been damaged and hereby demands
        compensatory and punitive damages in an amount to be proven at trial
        against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE
AND MUNICIPAL POLICY - against defendant City of New York

31.     By this reference, plaintiff incorporates each and every allegation and
        averment set forth in paragraphs 1 through 30 of this complaint as though
        fully set forth herein.

32.     Defendant City of New York, acting through the New York Police
        Department, had actual and/or de facto policies, practices, customs and/or

4

usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

33.     Additionally, defendant City of New York, acting through Charles J. Hynes and the Office of the District Attorney of the County of Kings, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, commencement of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

34.     Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in some crime or offense.

35.     The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts, and from a January 2006 statement by Deputy Commissioner Paul J. Browne that police commanders are permitted to set "productivity goals" (i.e., arrest quotas). *See Colon v. City of New York*, 2009 U.S. Dist. LEXIS 110520 (E.D.N.Y. Nov. 25, 2009) (Weinstein, J.). *See also* the following cases filed in this district: *Tyquan Myrick v. City of New York* (12 CV 2410); *Cymantha Holly v. City of New*

5

York (12 CV 1826); *Robert Stephens v. City of New York*  (12 CV 1825);
*Paul Lewis v. City of New York* (12 CV 1323); *James Burgess v. City of New York* (12 CV 1322); *Jeff Ores v. City of New York* (12 CV 535); *Alisha Brewster v. City of New York* (11 CV 4874); *Robert Cooper v. City of New York* (11 CV 4873, 11 CV 452); *Robert Rogers v. City of New York*, (11 CV 4870).

36.     That the issue of arrest quotas has been recently decided and/or it has been conclusively determined that officers of the New York Police Department are permitted, as a policy and/or practice, to use quotas to make arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

37.     That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

38.     The actions of defendants, acting under color of State law, deprived plaintiff of her due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in her person and property, to be free from abuse of process, the excessive use of force and the right to due process.

39.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: 42 U.S.C. § 1985

40.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 39 of this complaint as though fully set forth herein.

41.    In an effort to find fault to use against the plaintiff, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to United States Constitution, because of her race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

42.    In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiff of her constitutional and federal rights in violation of 42 U.S.C. § 1985.

43.    As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

FOURTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

44.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 43 of this complaint as though fully set forth herein.

45.    By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting her and depriving plaintiff of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

46.    In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of her constitutional rights secured

by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

47. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

48. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

FIFTH CAUSE OF ACTION: ASSAULT AND BATTERY

49. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 48 of this complaint as though fully set forth herein.

50. The conduct of defendant officers, as described herein, amounted to assault and battery.

51. By reason of and as a consequence of the assault, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

52. Upon information and belief, defendant City of New York had sufficiently specific knowledge or notice of defendant officers' propensity for acts complained of herein and that their acts could reasonably have been anticipated. However, defendant City of New York failed to take any appropriate actions to assure plaintiff's safety and security and failed to protect and/or safeguard plaintiff's interests.

53. That defendant City of New York's failure to assure plaintiff's safety and security was a proximate cause of plaintiff's injuries.

SIXTH CAUSE OF ACTION: OTHER NEW YORK TORTS

54.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 53 of this complaint as though fully set forth herein.

55.     The conduct of the defendants, as described herein, amounted to false arrest/imprisonment, illegal and unreasonable stop, frisk, search and seizure, negligence, conspiracy, special injury, abuse of process, harassment, abuse of power, trespass and malicious prosecution.

56.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: NEGLIGENT & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 56 of this complaint as though fully set forth herein.

58.     The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

59.     Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the assault, strip search, detention and imprisonment by defendants.

60.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES

61.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 60 of this complaint as though fully set forth herein.

62.     Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action,

9

owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

63.     Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

64.     Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

65.     Upon information and belief, defendant City of New York's negligence in hiring and retaining the defendants proximately caused plaintiff's injuries.

66.     Upon information and belief, because of defendant City of New York's negligent hiring and retention of defendant officers, plaintiff incurred and sustained significant and lasting injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.      For compensatory damages against all defendants in an amount to be proven at trial;

b.      For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.      For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.      For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
         January 11, 2013

UGO UZOH, P.C.

By:    Ugochukwu Uzoh (UU-9076)
       Attorney for the Plaintiff
       304 Livingston Street, Suite 2R
       Brooklyn, NY 11217
       (718) 874-6045

11